THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK.

COMMENCING AUGUST, 1917.

---

JOSEPH BOSS, Plaintiff, *v.* J. HERBERT HUTCHINSON,
Defendant.

(Supreme Court, New York Special Term, August, 1917.)

Undertakings — appeal — justification of sureties — when motion to
vacate denied — Code Civ. Pro. § 1335.

Under section 1335 of the Code of Civil Procedure, which
provides that the sureties on an undertaking on appeal "must
justify before the court below, or a judge thereof, or a referee
appointed by the same, or a county judge," the justification
of sureties may be taken before the county judge of a county
other than that in which the action is brought.

Where a notice of justification of the sureties in an undertaking on appeal was returned for the reason that the justification was not to take place in the county in which the venue
of the action was laid, a motion to vacate and set aside the
undertaking will be denied.

MOTION to vacate and set aside an undertaking on
appeal.

Isidore Faitt, for plaintiff and motion.

Lynn Brothers, for defendant, opposed.

GIEGERICH, J. The plaintiff makes this motion to
vacate and set aside the undertaking on the appeal

1

given by the defendant upon the ground that the sure-
ties on the undertaking failed to justify within the
time prescribed by section 1335 of the Code of Civil
Procedure. The sureties named in the undertaking
are residents of the county of Monroe, and after the
plaintiff's exception to their sufficiency the defendant
served a notice of justification to take place before a
county judge of Monroe county at his chambers in
the court house in the city of Rochester. On the day
of its receipt the plaintiff's attorney returned this
notice with a statement that the reason for such return
was that the justification for which the notice was
served was not to take place in the county in which
the venue of the action was laid. The question pre-
sented, therefore, is whether such a justification has
to be taken in the county in which the action is brought.
Neither side cites any case decided in this state bear-
ing upon the point. Upon searching through other por-
tions of the Code for any indication of the legislative
intent on the point in question, it is found that in
section 772, which contains provisions as to what
judges may take orders out of court, the jurisdiction
of a county judge is limited to the judge of the county
where the action is triable or in which the attorney
for the applicant resides. So, too, section 2434, in
making provisions as to what judges may entertain
supplementary proceedings, limits the jurisdiction of
county judges by express conditions dependent upon
the county in which the execution was issued or other
conditions therein specified. These provisions seem
to indicate that where a power conferred upon a
county judge is intended to be limited to judges of
certain counties, such limitation is expressed in the
statute. Section 1335, however, does not impose
any limitation, but, on the contrary, uses the broad-
est language possible, namely, that the sureties

" must justify before the court below, or a judge thereof, or a referee appointed by the same, or a county judge." Sections 578 and 1705 of the Code of Civil Procedure look in the same direction; the former section, while providing that the justification of the sureties on a bail bond may be taken before a county judge, limits the place to the county " where one of the bail resides, or where the defendant was arrested," while the latter section, dealing with the justification of sureties in actions of replevin, imposes the limitation that the justification must take place either in the county where the chattel was replevied, or in the county where one of the sureties resides. Considering all these statutory provisions together, I do not think it can fairly be inferred that, in using the broad language employed in section 1335, the legislature intended to impose the limitation for which the plaintiff contends. The motion is denied, with ten dollars costs.

Motion denied, with costs.